**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| HELEN WOODS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| ZWICKER & ASSOCIATES, P.C., ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

HELEN WOODS ("Plaintiff"), through her attorneys, KROHN & MOSS, LTD., alleges the following against ZWICKER & ASSOCIATES, P.C. ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq*. (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**JURISDICTION AND VENUE**

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of Illinois, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Joliet, Will County, Illinois.

7. Plaintiff is a person within the meaning of 15 U.S.C. 1692d.

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Defendant is a company located in Andover, Massachusetts.

10. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

11. Defendant communicated with Plaintiff seeking and demanding payment for two separate alleged debts.

12. Defendant is attempting to collect a debt from Plaintiff on behalf of original creditor, GE Money Bank ("GE"), with an account number ending in 2739. *See* Defendant's collection letter regarding GE debt dated March 2, 2010, attached hereto as Exhibit A.

13. The debt owed to GE is for a consumer account at JC Penny. *See* Exhibit A

14. Defendant is also attempting to collect a debt from Plaintiff on behalf of Chase Bank USA, N.A. ("Chase"), with an account number ending in 0352. *See* Defendant's collection letter regarding Chase debt dated March 6, 2010, attached hereto as Exhibit B.

15. The debt owed to Chase is for a personal account at Kohl's Department Store, Inc. *See* Exhibit B.

16. Plaintiff's alleged debts owed to both Chase and GE arises from transactions for personal, family, and household purposes. *See* Exhibits A and B.

17.     On or about March 2, 2010, Defendant sent Plaintiff the letter attached hereto as Exhibit A regarding the debt owed to GE.  *See* Exhibit A.

18.     On or about March 6, 2010, Defendant sent Plaintiff the letter attached hereto as Exhibit B regarding the debt owed to GE.  *See* Exhibit B.

19.     Defendant's letters (Exhibit A and B) are printed on Defendant law firm's letterhead.

20.     Plaintiff believed Defendant's letters (Exhibit A and B) to mean that legal action has been, or soon will be, brought against her.

21.     Defendant did not intend to take legal action against Plaintiff at the time Defendant mailed the March 2, 2010 letter for GE to Plaintiff, as Defendant's letter states that "no attorney with this firm has personally reviewed the particular circumstances of your [Plaintiff's] account." *See* Exhibit A.

22.     Defendant did not intend to take legal action against Plaintiff at the time Defendant mailed the letter dated March 6, 2010, as Defendant's letter states that "no attorney has conducted any meaningful review of the circumstances of your [Plaintiff's] specific account."  *See* Exhibit B.

23.     As of the filing of this Complaint, Defendant has not taken any legal action against Plaintiff.

### COUNT I
### DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

24.     Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692e of the FDCPA by using false, deceptive, and misleading representations in connection with the collection of any debt;

   b. Defendant violated §1692e(3) of the FDCPA by falsely representing that the call is from an attorney;

    c. Defendant violated §1692e(5) of the FDCPA by threatening to take legal action against Plaintiff even though Defendant has not and does not intend to take such action; and

    d. Defendant violated §1692e(10) of the FDCPA by using false and deceptive means in an attempt to collect a debt.

WHEREFORE, Plaintiff, HELEN WOODS, respectfully requests judgment be entered against Defendant, ZWICKER & ASSOCIATES, P.C., for the following:

25. Statutory damages of $1,000.00, pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

26. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

27. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: _/s/ Adam T. Hill_____
Adam J. Krohn
Adam T. Hill
KROHN & MOSS, LTD.
120 W. Madison Street, 10th Floor
Chicago, IL 60602
(312) 578-9428
akrohn@consumerlawcenter.com
ahill@consumerlawcenter.com
Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, HELEN WOODS, demands a jury trial in this case.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF ILLINOIS

COUNTY OF COOK)

Plaintiff, HELEN WOODS, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, HELEN WOODS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

10-6-10
Date

HELEN WOODS